UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-24987-CV-WILLIAMS

RICARDO RIVERON-PERDOMO,

     Petitioner,

v.

WARDEN E. K. CARLTON, MIAMI
FEDERAL DETENTION CENTER

     Respondent.

_____/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("**Petition**") filed by Petitioner Ricardo Riveron-Perdomo ("**Petitioner**") while confined at the Federal Detention Center ("**FDC**") in Miami, Florida.[1] (DE 1 at 1.)  In the Petition, Petitioner challenges his prolonged detention by immigration officials.  (*Id.* at 6–8.)  As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody.  (*Id.* at 8.)  Respondent oppose the Petition.  (DE 10.)  For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice**.

## I.     RELEVANT BACKGROUND

Respondent maintains that Petitioner is a native and citizen of Cuba who entered the United States at an unknown place and date and who did not adjust his status to that of a lawful permanent resident ("**LPR**").  (DE 10 at 1–2 citing (DE 10-1, Ex. A).)  While in

---

[1] Respondents initially transferred Petitioner from Krome due to the dangers posed by wildfires but has since returned Petitioner to Krome.  (DE 8; DE 9.)

the United States, Petitioner was convicted of numerous state law crimes . (*Id.* at 2 citing (DE 10-2, Ex. B).) In December 2011, Petitioner was taken into custody by immigration officials. (*Id.* citing (DE 10-3, Ex. C).)

On January 24, 2012, an Immigration Judge ("*IJ*") entered an Order finding Petitioner "removable/inadmissible" and ordered his removal to Cuba. (*Id.* at 2 citing (DE 10-4, Ex. D); *see also* (DE 1-1 at 7.) Since there are no pending Bureau of Immigration Appeals pending, that order has become final.[2] In April 2012, Petitioner was released from custody on an Order of Supervision ("*OSUP*"). (DE 1-1 at 7–9); *see also* (DE 10 at 2 citing (DE 10-3, Ex. C).)

On July 7, 2026, after Immigration and Customs Enforcement ("*ICE*") encountered Petitioner following a vehicular traffic stop, he was taken into custody. (DE 10 at 3 citing (DE 10-1, Ex. A).) There are currently no future hearings scheduled. (DE 10 at 3 citing (DE 10-2, Ex. B).)

Petitioner has remained in immigration custody since July 7, 2026. On July 23, 2026, Petitioner filed the Petition presently before the Court for consideration arguing that his continued detention is unlawful. (DE 1 at 6–8.)

## II.      LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the

---

[2]      *See* EOIR Automated Case Information located on-line at https://acis.eoir.justice.gov/en/caseInformation.

Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1 at 6–8.) Respondent argues that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 10.) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701).  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter."  *Akinwale*, 287 F.3d at 1052.  "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*"  *Akinwale*, 287 F.3d at 1052.  Once this showing is made, the Government must respond with evidence sufficient to rebut that showing.  *Zadvydas*, 533 U.S. at 701.  *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice.  *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in 2012.  *See* 8 U.S.C. § 1231(a).  Petitioner has remained in immigration custody since July 7, 2026.  On July 23, 2026, the Petition was filed.  (DE 1 at 1.)  Because Petitioner remains inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable.  Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.*  The *Zadvydas* period *must* have expired at the time he filed the Petition, and not at the time a habeas petition is ruled on by the Court.  *See Akinwale*, 287 F.3d at 1051.  Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

---

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **January 8, 2027** seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.   The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature.  If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2.   All pending motions not otherwise ruled upon are **DENIED as moot.**

3.   The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 5th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Ricardo Riveron-Perdomo,** *Pro Se*
Alien # 023178137
Federal Detention Center-Miami
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

**MaryEllen M. Farrell Gieseler, AUSA**
United States Attorney's Office
Southern District of Florida
500 S. Australian Ave., Suite 400
West Palm Beach, FL  33401
Email:  maryellen.gieseler@usdoj.gov